**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PEDRAM SHADIBAKHSH,<br><br>Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION LLC,<br><br>Defendants. | Civil Case No.: 1:26-05370<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by and through the undersigned counsel, hereby alleges, based upon Plaintiff's personal knowledge, information and belief, and investigation of counsel, as follows:

## INTRODUCTION

1. This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §§1681, *et seq.* (the "FCRA").

## PARTIES

2. Plaintiff Pedram Shadibakhsh ("Plaintiff") resides in Brooklyn, New York, and qualifies as a consumer under the FCRA.

3. Defendant Equifax Information Services, LLC ("Equifax") is a consumer reporting agency that maintains its principal place of business at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

4. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency that maintains its principal place of business at 475 Anton Boulevard, Costa Mesa, CA 92626.

5. Defendant Trans Union LLC ("Trans Union") is a consumer reporting agency that

maintains its principal place of business at 555 West Adams Street, Chicago, IL 60661.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7. Venue is proper in this District under 28 U.S.C. § 1391(b).

## FACTS

### Plaintiff Enters into Mortgage Payment Forbearance and Repayment Plan

8. In or about April 2026, Plaintiff's credit score suddenly dropped by over 200 points.

9. Plaintiff reviewed his credit report to see what caused this staggering drop and learned that Central Research, Inc., the servicer of Plaintiff's federal student loans, had reported that he was 90 days delinquent on 15 different accounts for the month of March 2026.

10. Plaintiff was shocked, as his loans had entered forbearance in December 2025, and were scheduled to remain in that stage through June 2026.

11. Because the accounts were in forbearance at all relevant times, the delinquencies reported on the Central Research accounts, including that Plaintiff was 90 days delinquent on the March 2026 payment, were inaccurate

12. On or about May 19, 2026, Plaintiff submitted written disputes to Defendants' respective FCRA compliance departments, explaining that the reporting was inaccurate because the accounts were in forbearance at all relevant times, and demanding that Defendants investigate and correct the reporting

13. The receipt of the dispute letters triggered Defendants' statutory obligation to investigate and correct the reporting.

14. Defendants, however, failed to conduct a reasonable investigation and failed to correct the inaccurate reporting.

15. By letter dated May 28, 2026, Trans Union acknowledged Plaintiff's dispute but advised that it would not conduct an investigation because it believed the dispute was "not authorized" by Plaintiff. This was a farce and an obvious pretext to avoid its duty to investigate under the FCRA.

16. By letter dated July 14, 2025, Experian advised Plaintiff that it had completed its investigation and verified the accuracy of the reporting.

17. Equifax did not even acknowledge Plaintiff's dispute letter.

18. Plaintiff submitted a second dispute to Trans Union on June 14, 2026 challenging the inaccurate delinquencies on his Central Research student loan accounts.

19. This time, Trans Union purported to investigate and summarily verified the accuracy of the reporting. By letter dated July 24, 2026, Trans Union advised Plaintiff that the reporting would not be changed.

20. Defendants' failure to investigate and correct the reporting harmed Plaintiff. Plaintiff is actively in the market for a larger house for his growing family. The sudden in his credit score made him ineligible for the loans needed to purchase his home, which caused Plaintiff to suffer extreme anxiety, which was aggravated by Defendants' refusal to investigate in response to Plaintiff's dispute letters.

21. Moreover, between August 14 and August 21, 2026, Defendants published consumer reports containing the inaccurate delinquencies to various financial institutions, including Chase Bank, Citibank, Community Bank, and Synchrony Bank.

22. As a direct and proximate result of the inaccurate reporting, Plaintiff has suffered emotional distress, anxiety, frustration, mental and emotional exhaustion, loss of peace of mind, and significant inconvenience. Plaintiff has also expended substantial time and effort monitoring

his credit reports, disputing the inaccurate information, and attempting to prevent further harm to his otherwise strong credit history. The continued presence of inaccurate late-payment information has caused Plaintiff ongoing concern regarding the potential impact on his ability to obtain credit and favorable financing.

23. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under Defendants' direct supervision and control.

24. At all times pertinent hereto, the conduct of Defendants, as well as that of their respective agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent and in utter disregard for federal law and Plaintiff's rights.

25. As a standard practice, Defendants do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the response of the credit furnisher despite numerous court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230-31 (D.N.M. 2006); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

26. Defendants are aware of the shortcomings of their procedures and intentionally choose not to comply with the FCRA to lower their costs. Accordingly, Defendants' FCRA violations are willful.

27. As a result of Defendants' conduct, action, and inaction, Plaintiff suffered damage by loss of credit; loss of ability to purchase and benefit from her good credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate

credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

**COUNT I**
**Violations of 15 U.S.C. § 1681e(b)**
**(All Defendants)**

28. Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

29. Defendants violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files they published and maintained concerning Plaintiff.

30. Defendants' conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

31. Plaintiff is entitled to recover attorneys' fees and costs from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT II**
**Violations of 15 U.S.C. § 1681i**
**(Against All Defendants)**

32. Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

33. Defendants violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations of Plaintiff's disputes after Plaintiff notified them that the delinquencies on the account were not accurate that the accounts were in forbearance at all pertinent times.

34. Defendants' conduct, actions, and inactions were willful, rendering Defendants liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendants were negligent, entitling Plaintiff

to recover under 15 U.S.C. § 1681o.

35. Plaintiff is entitled to recover attorneys' fees and costs from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs, and awarding Plaintiff such other and further relief as the Court may deem appropriate and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: Flushing, New York
August 31, 2026

**CONSUMER ATTORNEYS PLLC**

*/s/Meir Rubinov*
Meir Rubinov, NY Bar # 6077887
CONSUMER ATTORNEYS PLLC
68-29 Main Street
Flushing, NY 11367
T: (718) 640-8123
F: (718) 247-8020
E: mrubinov@consumerattorneys.com

*Attorneys for Plaintiff Pedram Shadibakhsh*